**UNITED STATES DISTRICT COURT**                                   JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.   **CV 21-2055-JFW(JEMx)**                    Date:  April 26, 2021

Title:      Orlando Garcia *-v-* Oxnard Inn, LLC, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

Shannon Reilly                          None Present
**Courtroom Deputy**                        **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
               None                                      None

**PROCEEDINGS (IN CHAMBERS):**       **ORDER DECLINING TO EXERCISE SUPPLEMENTAL
                                     JURISDICTION AND REMANDING TO VENTURA
                                     COUNTY SUPERIOR COURT**

        In Plaintiff's Notice of Dropping the Federal Cause of Action, filed April 23, 2021 (Docket No.
24), Plaintiff states that he has filed a First Amended Complaint and "[d]ropped the only federal
cause of action, i.e., the cause of action under the Americans with Disabilities Act."  Indeed,
Plaintiff's First Amended Complaint, filed April 23, 2021 (Docket No. 23), only alleges claims for
violation of the Unruh Civil Rights Act and violation of California Business & Professions Code §§
17200, *et seq.*

        "[A] federal court should consider and weigh in each case, and at every stage of the
litigation, the values of judicial economy, convenience, fairness, and comity in order to decide
whether to exercise jurisdiction over a case brought in that court involving pendent state-law
claims." *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 (1988).  "'[I]n the usual case in
which all federal-law claims are eliminated before trial, the balance of factors to be considered
under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will
point toward declining to exercise jurisdiction over the remaining state law claims.'" *Satey v.
JPMorgan Chase & Co.,* 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon Univ. v.
Cohill,* 484 U.S. 343, 351 (1988)); *see also* 28 U.S.C. § 1367(c).

        In light of the fact that Plaintiff's Americans with Disabilities Act, the only claim over which
this Court has original jurisdiction, has been dismissed, and after considering judicial economy,
convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over
Plaintiff's remaining state law claims and **REMANDS** this action to Ventura County Superior Court.

        IT IS SO ORDERED.